The Honorable Tim Wooldridge State Representative 100 College Drive Paragould, AR 72450
Dear Representative Wooldridge:
This is in response to your request for an opinion on the following questions:
 1. Can a half cent county sales tax, if passed by the voters, be used exclusively for the construction of a city/county complex, without any of the proceeds being shared with all municipalities of Greene County?
 2. Also, can this money be used to purchase an existing City Light and Water (municipally owned by city of Paragould) building and to renovate that building for city use?
A conclusive answer to your first question would require a review of all of the surrounding facts, including the specific statutory basis for the tax. The method of distribution may vary, depending upon the particular facts. If, for instance, the tax is levied under A.C.A. § 26-74-207 (Cum. Supp. 1993) or § 26-74-307 (Cum. Supp. 1993), and the ballot title does not designate the use or purpose of the tax (see A.C.A. §§ 26-74-208 and -308 (Cum. Supp. 1993)), then I assume that the State Treasurer will transmit to the county and to the cities their per capita shares on a monthly basis. See A.C.A. §§ 26-74-214(b)(2) and 26-74-313(d)(1) (Cum. Supp. 1993).[1] I assume that the cities would not be limited, in that instance, in their use of the funds, other than by the provision that the funds may be used "for any purpose for which the . . . city general funds may be used." A.C.A. §26-74-214(c) (Cum. Supp. 1993). See also A.C.A. §26-74-313(d)(3) (Cum. Supp. 1993).
If, however, a purpose or use is designated in the ballot title, in accordance with A.C.A. § 26-74-208 or 26-74-308, then the revenues derived from the tax must be used for that purpose.See Ops. Att'y Gen. 86-058 and 88-084; Ark. Const. art. 16, §11.
Reference must also be made to A.C.A. § 14-164-338 (Cum. Supp. 1993), which authorized a sales and use tax levy of one percent (1%) or less for no longer than twenty-five months without resorting to a bond issue. This office has previously concluded that proceeds derived from a sales tax levied under this provision must be distributed to the taxing entity alone, and not per capita to the counties and municipalities as required by A.C.A. §§ 26-74-214 and 26-74-313. See Op. Att'y Gen. 89-351.
Finally, A.C.A. § 26-74-401 et seq. (Cum. Supp. 1993) must be considered, if this is a county not having a countywide one percent (1%) sales and use tax on March 14, 1991. An election may be held in that instance for the levy of a one-half percent (0.5%) countywide sales and use tax. A.C.A. § 26-74-402. While this Code section states that a portion of the tax may be allocated to municipalities located in the county, it appears that such an allocation is not required, except as to cities or towns within the county that do not levy a local sales tax. A.C.A. §§ 26-74-402(a) and 26-74-409(c).
It is apparent that the particular Code provision under which the tax is levied may be determinative of whether any municipalities will share in the sales tax proceeds. The ballot title language will also be a critical factor in making this determination.
With regard to your second question, if by "this money" you mean the county's share of undesignated sales tax revenues, I am uncertain whether the use in question would be a proper use of county general funds (assuming that A.C.A. § 26-74-214 or §26-74-313 is the applicable provision). The funds in that instance may be used "for any purpose for which the county general funds . . . may be used." A.C.A. § 26-74-214(c). Seealso § 26-74-313(d)(3). This would require a review of the particular facts and circumstances surrounding the proposal. It seems clear, however, that a city could use its per capita share of sales tax revenues in this manner, assuming that the building would be used for a proper municipal purpose.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] A.C.A. § 26-74-214(b)(2) (Cum. Supp. 1993) should, however, be noted wherein it authorizes a distribution formula other than per capita where agreed upon through interlocal agreement between the affected county and its municipalities. It thus seems that the cities could forego their share of the sales tax revenues, pursuant to interlocal agreement.